# UNITED STATES OF AMERICA *v.* C. KAM MOON.

## October 29, 1915.

1. *Obscene publications*: Question of obscenity of published words or pictures, dependent on their suggestion. If that tends to make the procreative functions of men and women subjects of levity, the law is violated.

2. *Same—The test*: The impression such publications make upon a community of average men and women as to their decency, and as to their probable effect upon the young.

3. *Same—Knowledge as to nature of publication*: One exhibiting words and pictures is chargeable with knowledge of their character if he understands the words. In the case of nude figures accompanied with words, it is the duty of the exhibitor to acquaint himself with the meaning of the words in relation to the pictures before exposing them.

4. *Same—Combination of words and pictures*: Where words and pictures are combined, it is the impression of men as a whole that is to be considered. It is no defense that the words or the pictures taken separately are unobjectionable, if their combination suggests indecency of conduct or calls forth impurity of thought.

*Indictment:* Charge to jury.

*Jeff McCarn*, U. S. District Attorney, for the United States.

*Lorrin Andrews* for the defendant.

DOLE, J. (Charging the jury.) The statute under which this indictment has been found provides that, whoever shall in any manner exhibit or otherwise publish any obscene writing, print, picture, drawing, or other representation is liable to the punishment set forth in said statute.

[1] In the human body, evolution has reached its highest attainment in physical life. It is the worthy residence of the soul and as such is entitled to the greatest respect and consideration. To think of the human body as shameful is an unfortunate misapprehension of its intrinsic purity

and dignity. Nothing but a superficial and imperfect view of the inherent nature of licentiousness could lead one to such a conclusion as to the moral status of the human body. Sexual relations between men and women in their normal condition are of unexceptionable rectitude and importance. The profanation of such relations, or of the procreative powers of men and women, by coarse allusions or pictures, making such relations and powers the subject of levity, of ribaldry, of low suggestions, is a sacrilege deserving of legal interference and punishment. If all men were gentlemen and all women of corresponding quality, there would be no occasion for legislation of such character.

An obscene writing or print or picture is one that is offensive to decency, indelicate, impure, as one unbecoming, immodest, unfit to be seen in public, and tending to corrupt the mind and subvert respect for decency and morality.

[2a] I instruct you that laws of this character are made for society in the aggregate. The test is, what is the judgment of the aggregate sense of the community? What is the probable, reasonable effect of these words and pictures on the sense of decency, purity, chastity of society, extending to the family, made up of men and women, young boys and girls,—the family, which is the common nursery of mankind, the foundation rock upon which the State reposes.

The question for you to determine is, how would the pictures, and words accompanying them, impress and affect the average man and woman of intelligence and sensibility? What is the probable effect upon society in general? How would such pictures, language and matter impress a public assembly of decent men and women?

The question for you, as jurors, to determine is, whether the tendency of the matter is to deprave and corrupt the morals of those whose minds are open to such influences, and, into whose hands or before whose eyes such prints and sentiments may fall? And in this connection you

should consider the question as to whether these prints and sentiments are likely to fall into the hands of young boys and girls, or to be observed by them, and what would be the effect on young minds that are open to influences of such pictures and sentiments?

[2b] [4] In passing on the question as to whether these pictures and words are obscene or not, it is of no consequence that the language employed, or even the pictures shown, when taken separately, may be pure and innocent. It is a question as to what the combination of the language and picture conveys. What was in the mind of the person preparing the pennant and what was intended to be conveyed by it, as well as the real impression that it makes on the average mind, should all be considered by you, and if in your opinion it was intended to convey an indecent or impure thought, and, as a matter of fact, does have that effect, it would fall within the statute and should be suppresed. The law has relation as well to the subject as to its dress. Both the subject and its treatment must be free from obscenity. The most debasing topic may be presented in the choicest language. In such garb it is the more dangerous. Impure suggestion clothed in pleasing attire allures and corrupts, when bald filth would disgust and repel.

Any matter is obscene if it is calculated to lower the standard which we regard as essential to civilization; if it is calculated to excite those feelings pertaining to the sexual relations which, in their proper field, are legitimate, but which, transcending the limits of that proper field, play much of the mischief in the world.

If in your opinion these pictures and words contain matter which in the hands of a young boy or girl, or of any susceptible or inexperienced person, would have a depraving and demoralizing or a corrupting influence upon him or her, then this is such matter and is prohibited from exhibition by this statute. If in your opinion these pic-

tures and words drawn and printed upon these pennants, falling into the hands of an inexperienced boy or girl or other person, would incite in him or her improper thoughts and indecent ideas, it is indecent. If the matter as presented by these pennants is offensive to delicacy, expressing or presenting to the mind something which delicacy, purity and decency forbid to be exposed, it is offensive and indecent, and you should so find.

The jury are instructed that the law presumes the defendant innocent in this case, and not guilty as charged in the indictment, and the presumption should continue and prevail in the minds of the jury until they are satisfied by the evidence, beyond all reasonable doubt, of the guilt of the defendant; and acting on this presumption the jury should acquit the defendant unless constrained to find him guilty by the evidence convincing them of such guilt beyond all reasonable doubt.

The defendant has testified that he has never been convicted of a criminal offense. This has not been rebutted. You have the right to take this evidence into consideration in connection with the presumption of innocence, of which you have already been instructed; and if from all the evidence in the case, including this testimony, you are not convinced beyond a reasonable doubt of his guilt, you should acquit him.

The indictment in this case is of itself a mere accusation or charge against the defendant, and is not of itself any evidence of the defendant's guilt, and no juror in this case should permit himself to be to any extent influenced against the defendant because or on account of the indictment.

The burden of proof rests upon the prosecution to make out and prove to the satisfaction of the jury, beyond all reasonable doubt, every material allegation to the indictment, and unless that has been done the jury should find the defendant not guilty.

To warrant a conviction of the defendant, he must be proved to be guilty so clearly and conclusively that there is no reasonable theory upon which he can be innocent, when all the evidence in the case is considered together.

. If you find from the evidence in this case, beyond a reasonable doubt, that the acts, or one of them, charged against this defendant in this indictment were committed as therein alleged, then I charge you that it is not necessary that you should look for any motives for such acts. The prosecution is not bound to prove a motive for the commission of a crime.

[3] If you find that the defendant in this case exhibited the pictures in question you need not inquire whether or not he knew that they were obscene; it is enough if he knew the contents, that is, the words and the pictures. Having such knowledge, he is chargeable with knowing whether they are or are not obscene. That is, if you find that the pictures, or any of them, with the words going with them, are obscene, all you have to find outside of that is that he exhibited them, and knew their contents, and you are not to trouble yourselves with any question as to what his view of the contents was; but in order to convict the defendant, you must not only find that the pennants or banners, exhibit 1 and exhibit 3, related to counts 1 and 2, offered in evidence by the prosecution, are of an obscene nature, but you must further find that the defendant was so well acquainted with the English language that he understood the meaning of the words thereon and, if you find that he did not know sufficient English to understand the meaning of the words upon said pennants, even if you find the same were obscene, then it is your duty to acquit him on these two counts, 1 and 3.

In the case of the two pennants exhibiting figures of nude women, exhibit 2, count 5, and exhibit 4, count 4, I charge you that the nude figures put the defendant on his guard as to the nature or meaning of the pictures in view

of there being words connected with them. In was incumbent upon him, if he did not understand the meaning of the words, to find out in some way the meaning of the whole design, including the words, before exhibiting them; and if you find that those two pictures, with the words belonging to them, are of an obscene nature, and that he exhibited them, he should be found guilty.

It is not the exhibition of pictures or description of the human body that is obscene, but it is an exhibition that includes such poses or allusions that suggest the sexual organs and their function with a view of ribaldry, levity or low jesting.

[2c] If any banner referred to in the different counts, as exhibited in the window of defendant, is obviously obscene in the impression that it must naturally produce upon the average person, the defendant, if found to have exhibited the same as alleged, is guilty.

You are instructed to return a verdict of acquittal on the second count. In regard to the other four counts, you are at liberty to find a verdict of either acquittal or conviction upon each one according as you shall find the evidence requires.

A verdict of acquittal or conviction requires a unanimous vote of the jury.